■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN L. RANDALL, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered October 9, 1984 in Tioga County, upon a verdict convicting defendant of the crimes of robbery in the second degree and grand larceny in the second degree.

In the early evening of March 20, 1984 defendant, together with two others, was detained by uniformed officers of the City of Binghamton Police Department in Broome County following receipt of a teletype issued by the State Police concerning

a robbery which had occurred approximately 15 minutes earlier in Tioga County, some 45 miles away. Following the street confrontation, defendant was taken to the Binghamton Police Department and placed in a locked room. After a while Sergeant Barry Angel came into the room, asked defendant to empty his pockets and conducted a pat-down search. This search produced a road map which was in the victim's car at the time of the robbery. Defendant was subsequently indicted on charges of robbery in the second degree, grand larceny in the second degree and unauthorized use of a vehicle in the third degree.

A pretrial suppression hearing was held to determine the admissibility of the road map. At the close of the hearing, County Court ruled that the road map would not be suppressed. County Court also granted the prosecution's motion to consolidate the trials of defendant and the two codefendants over the objection of all three defendants. Following a jury trial in Supreme Court, defendant was convicted of robbery in the second degree and grand larceny in the second degree. This appeal by defendant ensued.

On appeal defendant contends that several errors require the reversal of his conviction and the District Attorney, with commendable candor, acknowledges these errors. The first error concerns the suppression ruling. At the hearing the People failed to produce any of the officers involved in the original street encounter with defendant to testify as to probable cause. The only evidence of the officers' probable cause to detain defendant on the street was the hearsay testimony of Sergeant Angel. As the Court of Appeals has held, probable cause cannot be established solely upon hearsay evidence *(People v Havelka,* 45 NY2d 636, 641). Moreover, it is doubtful that probable cause existed based upon the underlying facts. It appears that the basis for the arrest of defendant and his companions was the street officers' observation of behavior "which was equally susceptible of innocent or culpable interpretation" *(People v Valo,* 92 AD2d 1004, 1005, *appeal dismissed* 60 NY2d 588). Based on the foregoing, the People failed to establish that the road map was lawfully seized and suppression should therefore have been granted.

In addition, Supreme Court erred in failing to give a limiting instruction to the jury upon the admission of a codefendant's statement implicating defendant. Since it appears that the admission of the map and the codefendant's statement contributed significantly to defendant's conviction, the errors were not harmless.

Judgment reversed, on the law, motion to suppress granted and matter remitted to Supreme Court for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.